IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODERICK McCASKILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15cv396-CSC |
| | ) | (WO) |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

## I.  INTRODUCTION

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social

Security Act,  42 U.S.C. § 401 et seq., alleging that he was unable to work because of a

disability.  His application was denied at the initial administrative level.  The plaintiff then

requested and received a hearing before an Administrative Law Judge ("ALJ").  Following

the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent

request for review.  The ALJ's decision consequently became the final decision of the

Commissioner of Social Security (Commissioner).[2]  *See  Chester v. Bowen*, 792 F.2d 129,

131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. §

405 (g).  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2]  Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

judgment by the United States Magistrate Judge.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

_____

[3]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[4]   *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th  Cir. 2004).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).  The court "may not decide the facts anew, reweigh the evidence, or substitute  . . . [its] judgment for that of the [Commissioner]." *Phillips  v.  Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  THE ISSUES

**A.  Introduction.**  The plaintiff was 42 years old on the alleged date of onset, and has

---

cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

a high school education. (R. 54). The plaintiff's prior work experience includes work as a truck driver and an auto mechanic. (*Id.*). Following the administrative hearing, the ALJ concluded that the plaintiff has severe impairments of

> status post intramedullary nail after left subtrochanteric femur fracture; mild kyphosis and mild disc space narrowing, thoracic spine; diffuse disc bulge causing mild central stenosis, disc osteophyte complex causing mild central stenosis and mild facet arthropathy causing some mild right-sided foraminal stenosis, lumbar spine; status post right arthroscopy with removal of loose bodies and chondroplasty of the right tibial condyle after right, minimally displaced fracture of the tibial spine extending minimally into the posterior medial tibial articular surface; obesity; and diabetes.

(R. 45).

The ALJ found that McCaskill was unable to perform his past relevant work but concluded that he

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can frequently carry up to and no more than twenty pounds. The claimant does not suffer any additional manipulative limitation. The claimant can sit up to four hours without interruption and a total of at least six hours over the course of an eight-hour day. The claimant can stand and/or walk up to two hours each (sic) without interruption and a total of six hours over the course of an eight-hour workday. However, the claimant cannot walk or stand on uneven terrain. The claimant can use his lower extremities for pushing, pulling and the operation of foot controls, with the same limitations as to standing and walking. The claimant cannot climb ladders, ropes, poles, or scaffolds. He can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, and crouch. He cannot crawl. The claimant can frequently work in humidity and wetness. The claimant can occasionally work in extreme temperatures. The claimant can occasionally work while subject to vibration. The claimant cannot work with operating hazardous machinery. The claimant cannot work at unprotected heights. The claimant can operate motorized vehicles to the same extent that he is able to sit over the hours of an eight-hour workday.

(R. 48).

4

Using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework and relying on the testimony of a vocational expert, the ALJ concluded that there were significant number of jobs in the national economy that the plaintiff could perform. (R. 55). Accordingly, the ALJ concluded that the plaintiff was not disabled. (*Id*.).

**B. The Plaintiff's Claim.**  The sole issue presented by the plaintiff, as stated by him, is whether "[t]he Commissioner's decision should be reversed, because the Appeals Council erroneously denied Mr. McCaskill's request for review in light of material evidence submitted thereto." (Doc. # 11, Pl's Br. at 4).

## IV.  DISCUSSION

The sole issue before the court is whether the Appeals Council erred in its consideration of the new evidence presented by the plaintiff. "The Appeals Council must consider new, material, and chronologically relevant evidence." *Ingram*, 496 F.3d at 1261. *See also Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015). In denying review of the ALJ's determination, the Appeals Council specifically addressed McCaskill's newly presented evidence.

> In looking at your case, we considered the reasons you disagree with the decision and medical records from Health Services, Inc., dated May 9, 2013-August 22, 2013 (22 pages), which are listed on the enclosed Order of Appeals Council with the entire record. We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at medical records from Nite Watch dated October 4, 2013 (10 pages) and medical records from Health Services, Inc. dated September 19, 2013-December 26, 2013. The Administrative Law Judge decided your case

through August 16, 2013. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before August 16, 2013.

(R. 1-2).

McCaskill argues that the Appeals Council "turned a blind eye" to evidence that he suffers from diabetic neuropathy, or, at the very least "should have resolved the conflict, inconsistency, and/or ambiguity in the record" regarding his diabetic neuropathy. (Doc. # 11, Pl's Br. at 7). While the evidence is new because some of it was not available at the time of the hearing, nor was all of it available at the time of the hearing, the evidence is not material or chronologically relevant. The records from Nite Watch are not chronologically relevant because they apply to a time period after the ALJ's determination. Many of the records from Health Services, Inc. were before the ALJ. The additional records from Health Services, Inc. from September to December 2013 were not before the ALJ, but are not chronologically relevant.

> The new evidence must relate to the period on or before the date of the administrative law judge's ("ALJ'S") decision. *See Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999); *cf.* 20 C.F.R. §§ 404.970(b), 416.1470(b) (requiring Appeals Council to consider new evidence "only where it relates to the period on or before the date of the administrative law judge hearing decision."). Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefit from a new application, but it is not probative of whether a person is disabled during a specific period under review. *See Wilson*, 179 F.3d at 1279.

*Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012).

More importantly, however, the records are not material because while the records show that McCaskill's treatment for diabetes and other conditions continued during the

6

specified period, the additional records do not show an inability to work.  In his opinion, the ALJ made the statement that "the record is void of any diagnoses for . . . diabetic neuropathy." (R. 47).  The plaintiff argues that this determination was in error because the medical records demonstrate that he was being treated by Merri Ellison, a certified registered nurse practitioner, for diabetic neuropathy.  The records establish that Ellison assessed McCaskill with "Disturbance of the skin sensation," and prescribed gabepentin, a medication used to treat diabetic neuropathy.  (R. 423, 425).  The Social Security regulations define nurse practitioners as "other sources," but they are not considered "acceptable medical sources." 20 C.F.R. § 404.1513(a).  *See also Cain v. Astrue*, 2010 WL 750333 (M.D. Fla., 2010) (No. 809CIV34T-17-MAP); *Owens v. Barnhart*, 2006 WL 4791709 (M.D. Fla., 2006) (No. 805CV1399-T-EAJ).  The ALJ was required to consider Ellison's treatment notes which he did, but her opinion is not entitled to "substantial weight" as an "acceptable medical source." *Lacroix v. Barnhart*, 465 F.3d 881, 886 (8th Cir. 2006).

New evidence is material "if accepted, 'there would be a reasonable possibility' that [the records] 'would change the administrative result.'" *Washington*, 806 F.3d at 1321 quoting *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).  The mere fact that McCaskill continued to receive treatment is simply insufficient to demonstrate a reasonable likelihood that these records would change the administrative result.

Because the plaintiff presented the 'new' evidence to the Appeals Council, and because it was included in the administrative record, this court can remand pursuant to sentence four only if "the Appeals Council did not adequately consider [the evidence] in

denying the claimant's request for review," and McCaskill shows that, 'in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013). This he cannot do.

According to McCaskill, the medical records from Health Services, Inc. either directly contradict the ALJ's determination that he does not suffer from diabetic neuropathy or create an inconsistency which the ALJ failed to reconcile. (Doc. # 11, Pl's Br. at 6-7). The court disagrees.

In his decision, the ALJ carefully considered McCaskill's treatment for diabetes and his complaints of neuropathy, detailing his findings in his opinion.

> On April 11, 2013, the claimant complained of right foot numbness that he alleged had developed three weeks earlier. . . . Ultimately, limb pain and disturbance of skin sensation were diagnosed and the claimant was scheduled for follow-up in three weeks. On May 2, 2013, the claimant returned for follow-up treatment wherein improvement of his disturbance of skin sensation were noted (Id. at pg. 23).
>
> *      *      *
>
> The undersigned has determined that the claimant's allegations of vision difficulties, stomach ulcer, diabetic neuropathy and headaches are not medically determinable impairments.
>
> *      *      *
>
> Beyond the claimant' subjective reports to treatment providers, the record is void of any diagnoses for headaches or diabetic neuropathy.
>
> *      *      *
>
> . . . [T]he claimant appeared and testified at length. Interestingly, he testified that diabetes and visual limitation to the point that he "couldn't hardly see"

caused him to stop working in August 2010. However, this allegation is seriously contradicted not only by his admission in his initial application that he stopped working because of a layoff but also by his record and supportive objective evidence that he was engaged in work on the alleged date when he fell from a ladder and sustained the bulk of his severe impairments. . . . Further, he testified that a physician had diagnosed diabetic neuropathy–a diagnosis which is not reflected in the objective record.

(R. 46-47, 53).[5]

The new evidence from Health Services, Inc. consists of treatment notes which include a September 13, 2013 note with the notation "DM periph neuropathy." (R. 24). That single notation, however, does not create a "reasonable probability" of a different outcome on remand, particularly in light of the ALJ's thorough consideration of all of McCaskill's treatment records. It is outside the period under consideration.

Even if the court were to consider the conclusory notation and the additional medical evidence, the records do not warrant remand. On October 2, 2013, McCaskill complained of foot pain but the note reflects that his "symptoms are reported as being mild." (R. 26-29). In addition, his examination revealed no numbness in his extremities. (R. 27). On November 22, 2013, McCaskill complained of "intermittent" pain. (R. 30-33). On December 1, 2013, McCaskill did not complain of foot pain. (R. 34-38). Finally, on December 26, 2013, although he complained that his feet were tender, he was in "no obvious distress." (R. 39). It is clear that the new medical evidence is materially similar to the other evidence that the ALJ considered, and thus, would not change his determination.

---

[5] The ALJ discounted McCaskill's testimony, and McCaskill does not challenge the ALJ's credibility findings.

The plaintiff argues the Appeals Council did not sufficiently review his new evidence. "When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." *Flowers v. Comm'r of Soc. Sec.,* 441 F. App'x 735, 745 (11th Cir. 2011) (panel decision) (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)).[6]

The Appeals Council, in denying review, stated that the Council "found no reason under our rules to review the Administrative Law Judge's decision.  Therefore, we have denied your request for review."  (R. 1).  The Appeals Council specifically described the evidence that was submitted, their consideration of the evidence, and their rationale for rejecting McCaskill's request for review.  *See* R. 1-2.  Under the law of this circuit, the Appeals Council's explanation is sufficient.  *See generally Ingram*, 496 F.3d at 1262 (Appeals Council accepted evidence but denied review.)  "[B]ecause a reviewing court must evaluate the claimant's evidence anew, the [Appeals Council] is not required to provide a thorough explanation when denying review." *Burgin v. Comm'r of Soc. Sec*., 420 F. App'x 901, 903 (11th Cir. 2011).  *See also Manfield v. Astrue*, 395 F. App'x 528, 530 (11th Cir. 2010) (same); *Caces v. Comm'r, Soc. Sec. Admin.*, 560 F. App'x 936, 941 (11th Cir. 2014) ("The Appeals Council adequately considered the new evidence and expressly found that it did not provide a basis for changing the ALJ's decision."); *Smith v. Soc. Sec. Admin.*, 272 F. App'x 789, 801 (11th Cir. 2008) (the Appeals Council's statement that it specifically

---

[6] Decisions of the former Fifth Circuit on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

considered the plaintiff's reasons for disagreeing with the ALJ's decision and the additional evidence was sufficient).

## V.  CONCLUSION

The court has reviewed the entire administrative record, including the new evidence submitted to the Appeals Council, to determine whether the Commissioner's decision is supported by substantial evidence.  *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1069 (11th Cir. 1994) ("[N]ew evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review.").  The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled.  Thus, the court concludes that the decision of the Commissioner is due to be affirmed.

A separate final judgment will be entered.

Done this 23rd day of June, 2016.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

11